UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL WILLIAMS                                      CIVIL ACTION

VERSUS                                                        NO. 25-1929

C&G BOATS, INC. ET AL                               SECTION "R" (5)

## ORDER AND REASONS

Before the Court is the motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) of defendants C & G Boats, Inc. and M N M Boats, Inc.  Plaintiff did not file an opposition.[1]  For the reasons that follow, the Court converts defendants' motion into a motion for summary judgment and GRANTS the motion.

## I.    BACKGROUND

Plaintiff brought this action following an incident on the Ms. Megan vessel during which he alleges he sustained injuries.[2]  Plaintiff alleges that he was working aboard the Ms. Megan and made a transfer by swing rope from

---

[1]    Under Local Rule 7.5 of the Eastern District of Louisiana, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date."  Plaintiff here has not done so.

[2]    *See generally* R. Doc. 12.

the vessel at the direction of the captain and/or officers of the vessel.[3] Plaintiff alleges that he sustained injuries upon performing the transfer.[4]

Plaintiff claims that his injuries arose due to the negligence and negligence per se of defendants, and the unseaworthiness of the Ms. Megan.[5] Defendants now bring a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) arguing that plaintiff's unseaworthiness claims should be dismissed.[6]    Plaintiff did not file an opposition.    The Court considers the motion below.

## II.    LAW AND ANALYSIS

### A.    Conversion to Summary Judgment

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "'is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts.'" *Alliance of Artists and Recording Cos., Inc. v. General Motors Co.*, 162 F. Supp. 3d 8, *16 (D.D.C. 2016) (Brown Jackson, J.) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).  In ruling on a 12(c)

---

[3]    *Id.* at ¶¶ 4-5.
[4]    *Id.*
[5]    *Id.* at ¶¶ 4-5, 7, 9, 12.
[6]    R. Doc. 18.

motion, the Court must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached the pleadings, *see Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019). "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Here, defendants have attached extra-pleading material to the motion for judgment on the pleadings. It is within the Court's discretion to accept and consider these materials, but to do so the Court must convert the motion to dismiss into a motion for summary judgment. Charles Alan Wright & Arthur R. Miller, 5C Fed. Practice & Procedure § 1371 (3d ed. 2025) (explaining that whether to accept extra-pleading material and convert the motion or exclude the material and maintain the character of the motion is within the district court's discretion); Fed. R. Civ. P. 12(d). "A court need not advise either party of its intention to convert the motion." *Hodge v. Englemann*, 90 F.4th 840, 845 (5th Cir. 2024) (internal quotations omitted). "The only requirement is that the non-moving party have at least ten days in which to submit its own evidence." *Id.* Defendants submitted exhibits with the motion, putting plaintiff on notice that the court could consider material outside the pleadings. *See Isquith for and on Behalf of Isquith v. Middle S.*

*Utils., Inc.*, 847 F.2d 186, 195-96 (5th Cir. 1988); *see also McDonald v. Kansas City S. Ry. Co.*, 2017 WL 1709353, at *2 (E.D. La. May 3, 2017). And the submission date for the motion was over a month after defendants filed the motion. Plaintiff has thus been on notice that the Court could consider material outside the pleadings for more than the required ten days.

Plaintiff has thus had more than ten days to submit his own evidence, and the court may opt to convert the motion without further notice. *See id.*

## B.    Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the evidence in the record without making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

4

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the material in the record capable of being made admissible is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to material capable of being made admissible, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g.*, *id.*

Unopposed summary judgment motions may be granted only when they have merit. *See John v. State of La. (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010); *see also* Fed. R. Civ. Pro. 56 committee notes ("summary judgment cannot be granted by default"). The movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). The non-movant's "failure to respond to a summary judgment motion leaves the movant's facts undisputed," meaning the "court need only decide whether

those undisputed facts are material and entitle the movant" to summary judgment. *Flowers v. Deutsche Bank Nat'l Trust Co*., 614 F. App'x 214, 215 (5th Cir. 2015) (per curiam).

## C.    Summary Judgment is Appropriate

Under general maritime law, vessel owners hold "an absolute non-delegable duty to provide a seaman with a vessel reasonably fit for its intended use, i.e. a seaworthy vessel." *Bonefont v. Valdez Tankships*, 136 F.3d 137, at *4 (1998) (internal citations omitted).  The duty provides to "seamen, and only seamen" a cause of action against vessel owners for unseaworthiness.   *Id*. (internal citations omitted); *see also* Thomas J. Schoenbaum, Admiralty & Mar. Law § 6:27 (7th ed.) (noting that the duty of seaworthiness is "owed to a narrow class of maritime workers—those who can claim 'seaman' status under the law").

Defendants argue that plaintiff has not asserted seaman status and that the allegations in his complaint, taken as true, do not provide a basis for finding seaman status.   Therefore, defendants argue plaintiff's unseaworthiness cause of action should be dismissed.

Not all persons who come aboard a vessel are seamen.  Thomas J. Schoenbaum, Admiralty & Mar. Law § 6:27 (7th ed.).  Seaman status is not a function of where the worker's injury occurred. *See Chandris, Inc. v. Latsis*,

515 U.S. 347, 361-68 (1995).  Instead, for determining seaman status what matters is "the nature of the seaman's service, his status as a member of the vessel, and his relationship as such to the vessel and its operation in navigable waters." *Id.* at 359-60 (quoting *Swanson v. Marra Bros., Inc.*, 328 U.S. 1, 4 (1946)).

There is nothing in the record that raises an issue of material fact that plaintiff is a seaman or that he is otherwise entitled to bring an unseaworthiness claim.[7]  Although plaintiff alleges that he was "working aboard" the vessel Ms. Megan at the time of the incident, plaintiff points to no material capable of being made admissible to indicate that his duties contributed to the function of the vessel or the accomplishment of its mission.[8]  He also points to no material capable of being made admissible that would indicate that he had a sufficient connection to the vessel.[9]  Indeed, defendants provide plaintiff's own Answers to defendants' Requests for

---

[7]    In *Seas Shipping v. Sieracki*, 328 U.S. 85 (1946), the Supreme Court allowed a longshoreman "doing a seaman's work and incurring a seaman's hazards" to bring an unseaworthiness claim.  *Smith v. Harbor Towing & Fleeting, Inc.*, 910 F.2d 312, 313 (5th Cir. 1990) (citing *Sieracki*, 328 U.S. at 99).  Plaintiff does not assert that he is entitled to *Sieracki* seaman status, nor does he plead facts to rationally conclude that he was "doing a seaman's work and incurring a seaman's hazard."  *Id.*

[8]    *See* R. Doc. 12.

[9]    *See id.*

Admission which essentially foreclose such conclusions.[10]  In the Request for Admission Answers, plaintiff admits that he was not at the time of the incident and has never been employed as a vessel crewmember for C & G Boats, Inc. or M N M Boats, Inc; that he was then and is now an employee of the United States Department of the Interior, Bureau of Safety and Environmental Enforcement ("BSEE"); and that he was not working as a vessel deckhand or vessel captain at the time of the incident.[11]  These undisputed facts establish that plaintiff is not entitled to bring an unseaworthiness claim against defendants.  Accordingly, the Court must dismiss his unseaworthiness claim.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion which the Court has converted to a motion for summary judgment.

Accordingly, the Court DISMISSES plaintiff's claims against C & G Boats, Inc. and M N M Boats, Inc. based on the doctrine of unseaworthiness WITH PREJUDICE.

---

[10]    *See* R. Doc. 18-2 at 2, 4, 5.

[11]    *Id.*

New Orleans, Louisiana, this __14th__ day of January, 2026.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE