UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL WILLIAMS

CIVIL ACTION

VERSUS

NO. 25-1929

C&G BOATS, INC., ET AL.

SECTION R

## ORDER & REASONS

Before the Court are two motions: (1) defendants C&G Boats, Inc., and M N M Boats, Inc.'s unopposed motion to continue trial and all outstanding deadlines;[1] and (2) the joint motion of defendants and plaintiff Michael Williams for a status conference to discuss modifications to the scheduling order.[2]  For the following reasons, the Court grants the motion to continue and denies the motion for a status conference as moot.

## I.  LEGAL STANDARD

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enters.,*

---

[1]    R. Doc. 27.
[2]    R. Doc. 34.

*L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation modified).  Whether to grant or deny a continuance is within the sound discretion of the trial court.  *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).  In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."  *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000) (citation modified)).

## II.    DISCUSSION

In their motion to continue, defendants argue that more time is needed to conduct discovery as a result of both production delays by plaintiff and several revelations made by plaintiff immediately during a deposition on May 22, 2026.[3] Defendants claim that plaintiff responded to interrogatories and requests for production in late May only after defendants filed a first motion to compel, months after these documents were served on plaintiff.[4] Defendants also claim that at his deposition, plaintiff produced, for the first time, a significant diary entry that plaintiffs had requested in October 2025.

---

[3]      R. Doc. 27 at 2–5.

[4]      *Id.* at 2.

They further claim that plaintiff's answer about his previous application for disability status with the U.S. Veterans Administration raises the possibility of preexisting spinal injuries, for which more discovery is needed. Finally, they claim that plaintiff has failed to provide contact information for several key witnesses.[5]  Contemporaneously with their motion to continue, defendants filed a second motion to compel discovery related to these matters.[6]

In the joint motion, the parties agree that "key depositions and discovery remain outstanding in this matter."[7]  In addition, plaintiff underwent a surgical procedure on June 22, 2026.  The full extent of his medical needs has not yet been determined, leaving uncertainty about the scope of the case.[8]

The Court grants the motion to continue trial and all deadlines that had not yet expired upon defendants' filing of their motion to continue on July 7, 2026, including the discovery and deposition deadline, the dispositive motion deadline, and the deadlines for motions relating to expert witnesses. The Court finds that time to conduct additional discovery is warranted and

---

[5]    *Id.* at 6.
[6]    R. Doc. 30.
[7]    R. Doc. 34-1 at 2.
[8]    *Id.*

3

that plaintiff's ongoing medical care justifies a postponement of trial. Therefore, the Court finds that the parties have good cause for the continuance and cannot reasonably meet the current deadlines despite their diligence. *See S&W Enters., L.L.C.*, 315 F.3d at 535. The Court orders a scheduling conference, which renders the parties' request for a status conference moot.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to continue proceedings and DENIES AS MOOT the joint motion for a status conference. The new scheduling conference will be held **BY TELEPHONE** on **AUGUST 11, 2026, at 10:00 am** for the purpose of re-scheduling the pre-trial conference and trial on the merits, and for a discussion of the status of the case and discovery deadlines. All deadlines established in the scheduling order on October 10, 2025, which had not expired as of July 7, 2026, are reset. The parties shall call in for the teleconference using phone number (833) 990-9400 and access code 124518418. The Court will be represented by its Case Manager.

New Orleans, Louisiana, this 21st day of July, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE