UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 25-1929 |
| C&G BOATS, INC., ET AL. | SECTION R (5) |

**ORDER & REASONS**

Before the Court is plaintiff Michael Williams's motion to modify the Scheduling Order.[1] Plaintiff moves to reset the deadlines for the parties' expert witness reports and disclosures. Defendants C&G Boats, Inc., and M N M Boats, Inc., oppose the motion.[2] The Court grants the motion.

## I. BACKGROUND

This is a personal injury case. On October 10, 2025, the Court issued a Scheduling Order (the "First Scheduling Order"), setting the matter for trial the week beginning September 28, 2026.[3] That Order also required plaintiff to deliver to defendants expert reports under Federal Rule of Civil Procedure 26(a)(2)(B) or disclosures under Federal Rule of Civil Procedure 26(a)(2)(C)

1 R. Doc. 41.
2 R. Doc. 46.
3 R. Doc. 9 at 4.

no later than June 12, 2026.[4] It required defendants to deliver their expert reports and disclosures to plaintiff no later than July 2, 2026.[5]

On July 7, 2026, defendants moved to continue trial and all outstanding deadlines.[6] Defendants' motion did not request a continuance of expired deadlines, including plaintiff's June 12 expert report and disclosure deadline and defendants' July 2 expert report and disclosure deadline. The motion was set for submission on July 22, 2026. Plaintiff did not file an opposition, and on July 17, 2026, the parties filed a joint motion for a status conference to address the trial setting and the outstanding deadlines.[7] Like defendants' motion to continue, the parties' joint motion for a status conference sought to reset trial and "outstanding" pre-trial deadlines.[8]

On July 21, 2026, the Court granted the motion to continue and ordered a scheduling conference to reset all deadlines that had not expired as of the filing of defendants' motion on July 7.[9] This Order did not reset the deadlines for expert reports and disclosures, which had expired for plaintiff

---

4 *Id.* at 1.
5 *Id.*
6 R. Doc. 27.
7 R. Doc. 34.
8 R. Doc. 34-1 at 2.
9 R. Doc. 36.

on June 12 and for defendants on July 2. Because the Court ordered a scheduling conference, it denied as moot the parties' motion for a status conference.[10]

On July 28, 2026, the parties jointly moved for a status conference before Magistrate Judge Michael North.[11] On July 29, 2026, Judge North denied the motion.[12]

On August 11, 2026, the Court, represented by its Case Manager, held a scheduling conference, and on August 13, 2026, the Court issued its new Scheduling Order (the "Second Scheduling Order").[13] The Second Scheduling Order set trial for the week beginning April 26, 2027, and required that all discovery be completed by February 2, 2027.

Plaintiff now moves to modify the scheduling order to reset the parties' expert report and disclosure deadlines. The Court considers the motion below.

---

10 R. Doc. 36 at 4.
11 R. Doc. 37.
12 R. Doc. 38.
13 R. Doc. 39.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure impose disclosure requirements on proponents of expert testimony. Fed. R. Civ. P. 26. Experts retained by a party to testify must provide an expert report pursuant to Rule 26(a)(2)(B). For non-retained experts, the propounding party must provide a less fulsome disclosure. Fed. R. Civ. P. 26(a)(2)(C).

In its Scheduling Orders, the Court stated that it "will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[14]

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). There are four factors to consider when determining whether good cause exists: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (citation modified); *see also*

14 R. Doc. 9 at 3; R. Doc. 39 at 2.

*Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (applying this standard to a party's failure to designate expert witnesses by the deadline).

## III. DISCUSSION

### A. First Factor: Explanation for the Failure

Plaintiff offers several explanations for his failure to meet his June 12, 2026 expert deadline. First, he states that he was not aware until May 2026 that his treating physician, Dr. Morteza Farr, had recommended him for a surgery in March 2026.[15] From plaintiff's memorandum, it is unclear if plaintiff himself did not know of this recommendation or whether it was merely plaintiff's counsel who did not know of this recommendation. Regardless, when plaintiff's counsel was made aware of the recommendation on May 20, 2026, plaintiff still had over three weeks to move for a continuance of the expert deadline. Plaintiff failed to do so. This explanation is unsatisfactory.

Second, plaintiff claims that he did not separately move to extend his expert deadline because he believed that a continuance of trial would reset this deadline.[16] But plaintiff never moved to continue trial, and the motion

[15] R. Doc. 41-1 at 2, 6.

[16] *Id.* at 7.

to continue trial that the Court granted was filed by defendants—not plaintiff—almost a month after plaintiff's expert deadline had already passed. This explanation does not provide a reason for plaintiff's failure to seek a continuance before his expert deadline had elapsed, at which point no continuance of any kind had been granted or even requested by either party.

Third, plaintiff argues that if he had complied with his June 12 expert deadline, his expert disclosures would have been incomplete because he was scheduled for surgery on June 22.[17] But plaintiff could have sought a continuance before the deadline or, alternatively, made his disclosures and then sought to supplement them. Because plaintiff did neither of these things, this explanation, too, is unsatisfactory.

The first factor weighs against plaintiff.

### B. Second Factor: Importance of the Modification

Plaintiff argues that testimony by expert witnesses is necessary for plaintiff to be able to prove both causation and damages.[18] Defendants do not dispute this argument.[19] In a personal injury case like this one, there can be little doubt that testimony of treating physicians and other experts is essential to a plaintiff's case. *See, e.g.*, *Loyola v. USAA Gen. Indem. Co.*, No.

---

17 R. Doc. 41-1 at 8.
18 *Id.* at 8–9.
19 *See* R. Doc. 46 at 5.

CV 20-140, 2022 WL 1447717, at *2 (E.D. La. Apr. 29, 2022) ("[T]reating physician testimony is essential to a personal injury case."). This factor weighs in plaintiff's favor but is tempered by the consideration that a party's compliance with the Court's deadlines is particularly important when crucial testimony is at stake. *Contrast Betzel v. State Farm Lloyds*, 480 F.3d 704, 707–08 (5th Cir. 2007) (finding that the trial court abused its discretion by excluding an expert witness whose testimony was essential) *with Newsome v. Int'l Paper Co.*, 123 F.4th 754, 767 (5th Cir. 2024) ("[W]here an expert is crucial to the plaintiff's case, it only underscores the importance of plaintiff's compliance with the court's deadlines." (citation modified)).

**C. Third Factor: Prejudice to Defendants**

Any prejudice to defendants is minimal. Plaintiff's injury has been central to this case, plaintiff has provided defendants with his medical records, and defendants have engaged their own medical expert who has examined plaintiff.[20] Defendants cannot be surprised that plaintiff wishes to call experts in a personal injury case.

Defendants contend that they planned their trial strategy in reliance on plaintiff's apparent decision to forego expert testimony, but trial has now

20 R. Doc. 41-1 at 11.

been continued by seven months. Defendants have adequate time to adapt their trial strategy.

Prejudice is minimal, so this factor weighs in plaintiff's favor.

### D. Fourth Factor: Availability of a Continuance

As discussed, trial in this matter has already been continued, minimizing prejudice to defendants. This factor weighs in plaintiff's favor.

* * *

Plaintiff does not offer a good explanation for his failure to abide by the Court's First Scheduling Order. Nevertheless, the other three factors—especially the lengthy continuance of trial that has already been granted—support a finding of good cause to reset the expert witness deadlines.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion and resets the expert witness deadlines as follows:

Plaintiff's expert reports under Fed. R. Civ. P. 26(a)(2)(B) or disclosures under Fed. R. Civ. P. 26(a)(2)(C) shall be delivered to counsel for Defendant as soon as possible, but in no event later than **DECEMBER 31, 2026**.

Defendant's expert reports under Fed. R. Civ. P. 26(a)(2)(B) or disclosures under Fed. R. Civ. P. 26(a)(2)(C) shall be delivered to counsel for Plaintiff as soon as possible, but in no event later than **JANUARY 21, 2027.** There will be no rebuttal expert reports.

New Orleans, Louisiana, this 26th day of October, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE